1  Janet M. Herold                                                JS-6
   Regional Solicitor
2  Daniel J. Chasek
   Associate Regional Solicitor
3  **Susan Seletsky**, Attorney (CSBN #176106)
   Office of the Solicitor (Sol #1300138)
4  United States Department of Labor
   350 So. Figueroa St., Suite 370
5  Los Angeles, California 90071-1202
         Telephone: (213) 894-4983
6        Facsimile:  (213) 894-2064
7  seletsky.susan@dol.gov

8  Attorneys for the Plaintiff

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 **SETH D. HARRIS**,                    )   Case No. CV 13-02461 PA (JCG)
      Acting Secretary of Labor,         )
13    United States Department of Labor, )   **CONSENT JUDGMENT**
                                         )
14                    Petitioner,        )
                                         )
15          v.                           )
                                         )
16 **YE EUN, INC. doing business as I. NER,** )
                                         )
17                                       )
                    Respondent.          )
18 _____ )

19

20      Plaintiff Seth D. Harris, Acting, Secretary of Labor, United States Department of

21 Labor ("Secretary"), and Defendant Ye Eun, Inc. doing business as I. Ner, ("Defen-

22 dant"), have agreed to resolve the matters in controversy in this civil action and consent

23 to the entry of this Consent Judgment in accordance herewith:

24      A.    The Secretary has filed a Complaint alleging that the Defendant violated

25 provisions of Section 15(a)(1), 29 U.S.C. §§ 215(a)(1), of the Fair Labor Standards Act

26 of 1938, as amended ("FLSA");

27      B.    Defendant appeared by counsel, waived issuance and service of Summons,

28 and waived any answer and any defenses to the Secretary's Complaint;

        C.    The Secretary and Defendant waived Findings of Fact and Conclusions of

Law, and agreed to the entry of this Consent Judgment, without contest;

D.    Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California;

## FACTUAL BACKGROUND

E.    Defendant is a garment manufacturer that contracts with independent garment sewing contractors who produce finished garments for Defendant from textiles and designs supplied by Defendant.  Under the FLSA's "Hot Goods" provision, 29 U.S.C. § 215(a)(1), all persons are prohibited from introducing into commerce goods that have been worked on employees who were not paid the wages required under the FLSA.  Prior to the instant matter, investigations conducted by the Wage and Hour Division, U.S. Department of Labor ("Wage and Hour") have disclosed circumstances in which  the hot goods provision was allegedly violated.

F.    During the period of January 20, 2008 – March 20, 2008, Hanul Enterprise, Inc., located at 742 S. Hill Street,#400, LA, CA  90014, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended.  Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

i.  During the period of January 20, 2008 – March 20, 2008, Hanul Enterprise, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendant at wage rates less than the applicable federal minimum wage of  $ 7.25 per hour;

ii.  During the period of January 20, 2008 – March 20, 2008, Hanul Enterprise, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendant at time and one half the employee's regular rate for all hours

worked in excess of 40 hours in a work week;

iii.  During the period of January 20, 2008 – March 20, 2008, Wage and Hour claims that Defendant violated the hot goods provisions of the FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of Hanul Enterprise, Inc. were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

G.    During the period of April 14, 2009 through July 14, 2009, Min Trim, Inc., located at 2824 East 11th Street, Los Angeles, CA, Los Angeles, CA 90023, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended.  Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

i.  During the period of April 14, 2009 through July 14, 2009, Min Trim, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendant at wage rates less than the applicable federal minimum wage of $ 7.25 per hour;

ii.  During the period of April 14, 2009 through July 14, 2009, Min Trim, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendant at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

iii.  During the period of April 14, 2009 through July 14, 2009, Wage and

Hour claims that Defendant violated the hot goods provisions of the FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of Min Trim, Inc. were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

H.      During the period of January 8, 2010 – April 18, 2010, Min Trim, Inc., located at 1336 Spence Street, Los Angeles, CA  90023, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

i.  During the period of January 8, 2010 – April 18, 2010, Min Trim, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendant at wage rates less than the applicable federal minimum wage of  $ 7.25 per hour;

ii.  During the period of January 8, 2010 – April 18, 2010, Min Trim, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendant at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

iii.  During the period of January 8, 2010 – April 18, 2010, Wage and Hour claims that Defendant violated the hot goods provisions of the FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge

that shipment or delivery or sale in commerce was intended, goods in the production of which employees of Min Trim, Inc. were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

I.   During the period of May 22, 2011 – July 22, 2011, Fashion Jeida, Inc., located at 318 W. 9th Street, #711, Los Angeles, CA 90015, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended.  Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

i.   During the period of May 22, 2011 – July 22, 2011, Fashion Jeida, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendant at wage rates less than the applicable federal minimum wage of  $ 7.25 per hour

ii.   During the period of May 22, 2011 – July 22, 2011, Fashion Jeida, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendant at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

iii.   During the period of May 22, 2011 – July 22, 2011, Wage and Hour claims that Defendant violated the hot goods provisions of the FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of Fashion Jeida, Inc. were not paid the minimum wage and overtime required by FLSA Sections 6 and 7, 29 U.S.C. §§ 206 and 207 as

described above;

J.     During the period of August 7, 2010 – August 7, 2012, Apple Style, Inc., located at 830 South Hill Street, Los Angeles, CA 90015, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended.  Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

i.   During the period of August 7, 2010 – August 7, 2012, Apple Style, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendant at wage rates less than the applicable federal minimum wage of  $ 7.25 per hour

ii.  During the period of August 7, 2010 – August 7, 2012, Apple Style, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendant at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

iii.  During the period of August 7, 2010 – August 7, 2012, Wage and Hour claims that Defendant violated the hot goods provisions of the FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of Apple Style, Inc. were not paid the minimum wage and overtime required by FLSA Sections 6 and 7, 29 U.S.C. §§ 206 and 207 as described above;

K.     During the period of November 11, 2010 through November 11, 2012, Happy Day Apparel, Inc. (the subject of the herein Complaint) located at 2225B West

Pico Boulevard, Los Angeles, CA  90006, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended.  Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

                i.  During the period of November 11, 2010 through November 11, 2012, Happy Day Apparel, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendant at wage rates less than the applicable federal minimum wage of  $ 7.25 per hour

            ii.  During the period of November 11, 2010 through November 11, 2012, Happy Day Apparel, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendant at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

            iii.  During the period of November 11, 2010 through November 11, 2012, the Secretary has alleged that Defendant violated the hot goods provisions of the FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of Happy Day Apparel, Inc. were not paid the minimum wage and overtime required by FLSA Sections 6 and 7, 29 U.S.C. §§ 206 and 207 as described above.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with

them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Section 15(a)(1), 29 U.S.C. §§ 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), in any of the following manners:

1)      Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendant or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207);

2)      Defendant shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by employees of Happy Day Apparel, Inc. who were not paid the minimum wage and overtime required by the FLSA, 29 U.S.C. §§ 206 and 207, an amount sufficient to cover the back wages due to these employees under the FLSA.  The amount hereby found due to these employees is $ 70,000.00 for the period of November 11, 2010 through November 11, 2012 as set forth on the attached Exhibit 1, showing the name of each employee, the period covered by this Judgment and the gross amount due to each.

The payments shall be made in three installments, with the first payment, covering the gross amount of $29,942.02, due on April 15, 2013, the second payment covering the gross amount of $25,328.67 due on July 15, 2013, and the third payment covering the gross amount of $ 14,729.00  due on October 15, 2013.   The first installment will cover the payments due to employees Luis Aguilar through Clement Gonon.  The second in-stallment will cover the payments due Gabrela Gonzales through Gabriel Praxedis, and the third installment will be for employees Esther Puac through Emilia Zavala.

Each installment payment shall be in a separate check made payable to the named employee and the Wage & Hour Division, U.S. Department of Labor, as **alternative** payees (for example, "Pay to the order of  -- (Name) **or** Wage & Hour Div., Labor").

The check shall be equal to 100% of the net amount due to the employee after making required legal deductions from the gross amount shown by the employee's name on Exhibit 1.  With the first payment due on April 15, 2013, Defendant shall also provide a schedule showing for each employee, the gross amount due, the deductions that were made and the net amount of each check.  Defendant shall transmit the amounts to cover those legal deductions to the state and federal agencies entitled to them when due.

Defendant shall deliver the schedule and checks for each installment to the Wage and Hour office located at 915 Wilshire Boulevard, Suite 960, Los Angeles, CA  90017, on or before 4:00 pm on the date due.

The Secretary shall allocate and distribute the remittances, or the proceeds thereof, in his sole discretion, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c);

3)      Within 30 days of the entry of this Judgment, Defendant shall hire an independent third party monitor, acceptable to the Secretary, to monitor all of its sewing contractors (hereafter "contractor(s)") and enforce the contractors' compliance with the FLSA.  The monitor shall not be considered independent if it represents either the manufacturer or contractor involved in this action in any dealings with other parties or the Department of Labor.

The monitoring program shall include the following components:

A.      Random and unannounced site visits to the contractor, at least on a quarterly basis;

B.      Review of the contractor's timecards and payroll records on at least a quarterly basis;

C.  Private and confidential interviews of at least 20% of the current employees to determine the hours they work and the wages they are paid.  The names of the employees who are interviewed shall not be disclosed to the employer. At least one half of the interviews shall be done off work premises;

D.  Disclosure to the contractor and Defendant of any FLSA compliance issues revealed by the monitoring without revealing the names of employees who provided the information;

E.  Review of the contractor's garment registration to determine if the contractor is operating under a valid garment registration;

F.  No adverse action may be taken against any employee who cooperates with the monitor or who provides information about violations of the FLSA.

The monitor shall produce written reports of its findings which must address each of the subjects required under this paragraph.  Defendant shall maintain these reports for a period of three years and supply copies to representatives of the Secretary of Labor upon their request.

4)     Where the monitor identifies FLSA violations, Defendant shall ensure that such violations are corrected within ten business days, including calculation and payment to employees of any backwages owed.  Defendant shall send a letter to the District Director, Wage and Hour Division, 915 Wilshire Boulevard, Suite 960, LA, CA  90017 identifying the violations, the backwages that were paid and with copies of the payments made to employees at the time payment to the employees has been made.

5)     On at least a quarterly basis, Defendant shall conduct a pricing analysis of a representative sample of garments produced at each contractor's shop to determine whether the fees it pays to its contractors for their work on Defendant's goods are sufficient in light of the wage requirements of the FLSA.  The pricing analysis shall be conducted using the pricing template attached as Exhibit 2.  This analysis may be done by the monitor, Defendant or an independent party.   Should the sewing contractor decline to provide Defendant with information about its overhead and payroll expenses and prof-

its in order to utilize the template, Defendant shall make reasonable estimates based upon its knowledge of the industry.  Defendant must incorporate the results of this pricing analysis into the rates it pays to its contractors.    Defendant shall maintain documentation of these analyses and the measures it took as a result of these analyses for a period of three years and provide it to representatives of the Secretary of Labor upon their request;

6)    Defendant shall require all contractors with whom it does business, who are subject to the garment registration requirements of the State of California, to maintain a valid garment registration.  Defendant shall not do business with any garment contractor without a valid registration;

7)    Defendant shall require all contractors with whom it does business to maintain true and accurate payroll records that include all of the employees that perform work for it, regardless of whether they are paid in cash or by check, accurate records of hours worked and all piece tickets. These contractors must maintain the records at their business establishments and must submit a copy to these records to Defendant no later than one month after the period worked as reflected on the records; i.e., the contractor must submit the records for workweek ending 9/01/12 no later than 10/01/12.  To assess the contractor's compliance with the FLSA, Defendant shall review these records in light of the production requirements of the goods that the contractor is producing for Defendant. The Defendant's analysis shall include:

A.  the total number of hours a cut will take to complete (Defendant may use its sample making as a basis for this calculation);

B.  the estimated number of hours necessary to complete the cut based on its completion date and the number of employees employed by the contractor.

Defendant shall conduct this analysis as frequently as necessary to ensure the contractor's compliance with the FLSA, shall document this analysis when it is done, and provide copies of it to representatives of the Secretary of Labor upon their request.

Defendant shall maintain the contractor's time and payroll records for a period of

**Consent Judgment** (MMS 1300222 )                                                    **Page  11 of 28**

two years and produce it to representatives of the Secretary of Labor upon their request.

8)   Defendant shall make inquiry of all parties that contract with it to determine that they have the financial ability to pay employees for work done on Defendant's goods at the rates prescribed by law.  To ensure that the proper wage rates are paid, Defendant shall discuss the following subjects with the owner or top management official of all contractors with whom it does business in order to assess the contractor's willingness and ability to understand and comply with the FLSA prior to entering into any agreement with the contractor for its services and on a quarterly basis thereafter.  Defendant shall maintain for a period of three years documentation showing that these subjects have been discussed and produce this documentation to representatives of the Secretary of Labor upon their request:

A.   The terms of the FLSA, including the contractor's obligation to pay minimum wage and overtime and maintain accurate records of the hours worked by and wages paid to its employees;

B.   How to calculate overtime when employees are paid on a piece rate basis.  The attached Exhibit 3 contains examples of minimum wage and overtime calculations;

C.   Whether the proposed price terms are such that the contractor will be able to comply with the FLSA's minimum wage and overtime requirements;

D.   The contractor's willingness and ability, in light of the contractor's prior compliance history, involvement in the industry and financial resources, to understand and comply with the FLSA;

E.   The contractor's obligation to inform Defendant immediately whenever the contractor is unable to meet any requirement of the FLSA;

F.   The results of the monitoring and pricing analyses;

G.   The contractor's obligation to maintain true and accurate payroll records, and records of hours worked by all persons who work on goods produced for the Defendant;

H.      The contractor's obligation to cooperate with the monitor;

Defendant shall supply copies of the documentation required by this paragraph to representatives of the Secretary of Labor upon their request;

9)      Defendant shall notify its contractors that it shall not conduct business with any contractor who is unwilling or unable to comply with the FLSA and the terms of this Judgment, or who takes any adverse action or retaliates against any employee for cooperating with the monitor or reporting violations of the FLSA;

10)     Defendant shall maintain for a period of three years copies of all production sheets issued to their sewing contractors and supply copies of these records to representatives of the Secretary of Labor upon their request;

11)     Defendant shall maintain records of all contracts made with retailers and records regarding shipment of its goods to retailers for at least three years from the date the shipment was made and supply copies of these records to representatives of the Secretary of Labor upon their request;

12)     Defendant shall supply all of its contractors with copies of the attached Exhibit 4, which summarizes terms of this Judgment and the employees' rights under the FLSA.  The English, Spanish and Korean versions are attached.   Defendant shall ensure that its contractors distribute a copy of Exhibit 4 to each of their current employees within 30 days of entry of this Judgment, in the employees' native languages, provide copies to all new hires, and post a copy at each of its contractor's establishments

13)     Defendant shall maintain records of all complaints it receives from employees of its contractors and produce them to representatives of the Secretary of Labor upon their request; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of en-

forcing compliance with the terms of this Consent Judgment.

Dated: April 24, 2013

_____
U.S. DISTRICT COURT JUDGE

For the Defendant, Ye Eun, Inc.

The Defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

By: _____          _____
     Signature                                                    Date

    _____
     Printed Name

Its: _____
       Owner

LAW OFFICES OF ELLIOTT KIM

_____          _____
HAEWON KIM                                                  Date
Law Offices of Elliot Kim
3550 Wilshire Boulevard, Ste. 730
Los Angeles, CA  90010
Ph:  (213) 388-7900, Fax: (213) 388-7911

Attorneys for the Defendant

///

///

///

**Consent Judgment** (MMS 1300222 )                                        **Page  14 of 28**

03/28/2013 5:12 PM FAX  2133887911          ELLIOTT KIM LAW OFFICE          ☒0001/0001
03/28/2013 4:20 PM FAX  2133867911          ELLIOTT KIM LAW OFFICE          ☒0001/0001

1  forcing compliance with the terms of this Consent Judgment.

2

3  Dated: _____, 2013

4                                          _____
                                           U.S. DISTRICT COURT JUDGE
5  For the Defendant, Ye Eun, Inc.

6  The Defendant hereby appears, waives any
   defense herein, consents to the entry of
7  this Judgment, and waives notice by the
   Clerk of Court:
8

9  By: _____          3/28/2013
10      Signature                         Date

11  Kwang Ho Choi
12      Printed Name

13  Its: President
14      Owner

15

16  LAW OFFICES OF ELLIOTT KIM

17  _____              March 28, 2013
18  HAEWON KIM                            Date
19  Law Offices of Elliot Kim
20  3550 Wilshire Boulevard, Ste. 730
    Los Angeles, CA 90010
21  Ph: (213) 388-7900, Fax: (213) 388-7911
22

23  Attorneys for the Defendant

24  ///
25  ///
26  ///
27  ///
28

Consent Judgment (MMS 1300222 )                          Page 14 of 27

1   For the Plaintiff:

2
3   M. PATRICIA SMITH
    Solicitor of Labor

4
5   JANET M. HEROLD
    Regional Solicitor

6
7   DANIEL J. CHASEK
    Associate Regional Solicitor

8
9   /s_____            April 12, 2013_____
    SUSAN SELETSKY, Attorney           Date
10  Attorneys for the Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1

**First Installment – Due on April 15, 2013**

| Last name | First name | Period from | Period to | Gross due |
|-----------|-----------|-------------|-----------|-----------|
| Aguilar | Luis | 11/11/10 | 11/11/12 | $ 420.58 |
| Alvarez | Florinda | 11/11/10 | 11/11/12 | $ 315.26 |
| Alvarez | Vilma | 11/11/10 | 11/11/12 | $ 175.65 |
| Alvarez | Yanira | 11/11/10 | 11/11/12 | $ 295.18 |
| Argueta | Gloria | 11/11/10 | 11/11/12 | $ 646.27 |
| Arreaga | Luis | 11/11/10 | 11/11/12 | $ 1,658.68 |
| Arreaga | Gabriel | 11/11/10 | 11/11/12 | $ 91.69 |
| Ayala | Yasmina | 11/11/10 | 11/11/12 | $ 799.88 |
| Bautista | Joaquin | 11/11/10 | 11/11/12 | $ 1,296.40 |
| Bautista | Alex | 11/11/10 | 11/11/12 | $ 880.78 |
| Carmelo | Canuto | 11/11/10 | 11/11/12 | $ 54.02 |
| Chin | Basilio | 11/11/10 | 11/11/12 | $ 2,450.42 |
| Chox | Edgar | 11/11/10 | 11/11/12 | $ 1,176.37 |
| Cruz | Matilde | 11/11/10 | 11/11/12 | $ 162.63 |
| Cruz | Ruberta | 11/11/10 | 11/11/12 | $ 349.57 |
| Cuxil | Josue | 11/11/10 | 11/11/12 | $ 1,266.96 |
| De Lion | Debora | 11/11/10 | 11/11/12 | $ 214.34 |
| Delgadilio | Himelda | 11/11/10 | 11/11/12 | $ 657.20 |
| Erape | Alejandro | 11/11/10 | 11/11/12 | $ 1,374.62 |
| Francisco | Miguel | 11/11/10 | 11/11/12 | $ 119.57 |
| Gabriel | Juan | 11/11/10 | 11/11/12 | $ 883.06 |
| Galindo | Maria | 11/11/110 | 11/11/12 | $ 784.14 |
| Garcia | Maria | 11/11/10 | 11/11/12 | $ 551.79 |
| Garcia | Arturo | 11/11/10 | 11/11/12 | $ 1,322.68 |

**Consent Judgment** (MMS 1300222 )                    **Page  17 of 28**

| Garcia | Estela | 11/11/10 | 11/11/12 | $ 261.63 |
|---|---|---|---|---|
| Garcia | Natalia | 11/11/10 | 11/11/12 | $ 278.61 |
| Gomez | Angel | 11/11/10 | 11/11/12 | $ 2,231.67 |
| Gomez | Cruz | 11/11/10 | 11/11/12 | $ 2,036.78 |
| Gomez | Manuel | 11/11/10 | 11/11/12 | $ 2,735.00 |
| Gomez | Walter | 11/11/10 | 11/11/12 | $ 67.09 |
| Gonon | Angel | 11/11/10 | 11/11/12 | $ 2,318.60 |
| Gonon | Clemente | 11/11/10 | 11/11/12 | $ 2,064.90 |
| | | 11/11/10 | 11/11/12 | $29,942.02 |

### Second installment Due on July 15, 2013

| Last name | First name | Period  from | Period to | Gross due |
|---|---|---|---|---|
| Gonzales | Gabrela | 11/11/10 | 11/11/12 | $ 194.54 |
| Gonzalez | Valeriano | 11/11/10 | 11/11/12 | $ 1,045.45 |
| Gonzalez | Carlos | 11/11/10 | 11/11/12 | $ 2,029.13 |
| Gonzalez | Lorenzo | 11/11/10 | 11/11/12 | $ 634.64 |
| Guerrero | German | 11/11/10 | 11/11/12 | $ 72.48 |
| Hernandez | Guadalupe | 11/11/10 | 11/11/12 | $ 1,484.78 |
| Hernandez | Mercedes | 11/11/10 | 11/11/12 | $ 25.45 |
| Hernandez | Santos | 11/11/10 | 11/11/12 | $ 388.77 |
| Juares | Maria | 11/11/10 | 11/11/12 | $ 2,242.61 |
| Lopez | Artemio | 11/11/10 | 11/11/12 | $ 133.13 |
| Mancilla | Maria | 11/11/10 | 11/11/12 | $ 1,164.42 |
| Martinez | Dulce | 11/11/10 | 11/11/12 | $ 282.00 |
| Matul | Feliza | 11/11/10 | 11/11/12 | $ 619.59 |
| Matul | Reveca | 11/11/10 | 11/11/12 | $ 472.55 |
| Mejia | Edith | 11/11/10 | 11/11/12 | $ 323.22 |

| | | | | | |
|---|---|---|---|---|---|
| Mendez | Ernesto | 11/11/10 | 11/11/12 | $ | 148.63 |
| Mendiete | Mario | 11/11/10 | 11/11/12 | $ | 1,869.15 |
| Moises | Pablo | 11/11/10 | 11/11/12 | $ | 1,134.98 |
| Molina | Ana | 11/11/10 | 11/11/12 | $ | 441.18 |
| Montano | Karla | 11/11/10 | 11/11/12 | $ | 911.16 |
| Morales | Isaac | 11/11/10 | 11/11/12 | $ | 360.39 |
| Moreno | Lucia | 11/11/10 | 11/11/12 | $ | 63.63 |
| Navarbete | Marcos | 11/11/10 | 11/11/12 | $ | 94.77 |
| Nazario | Ismael | 11/11/10 | 11/11/12 | $ | 1,853.98 |
| Orduna | Pedro | 11/11/10 | 11/11/12 | $ | 1,459.56 |
| Pastor | Ruben | 11/11/10 | 11/11/12 | $ | 1,216.59 |
| Paxtor | Bricina | 11/11/10 | 11/11/12 | $ | 138.22 |
| Paxtor | Isabela | 11/11/10 | 11/11/12 | $ | 99.77 |
| Pena | Javier | 11/11/10 | 11/11/12 | $ | 2,255.02 |
| Perez | Leonel | 11/11/10 | 11/11/12 | $ | 130.84 |
| Perez | Pedro | 11/11/10 | 11/11/12 | $ | 479.53 |
| Praxedis | Gabriel | 11/11/10 | 11/11/12 | $ | 1,558.51 |

### Third Installment Due on October 15, 2013

| Last name | First name | Period from | Period to | Gross due | |
|---|---|---|---|---|---|
| Puac | Esther | 11/11/10 | 11/11/12 | $ | 995.89 |
| Ramirez | Rosalia | 11/11/10 | 11/11/12 | $ | 678.77 |
| Ramirez | Reyna | 11/11/10 | 11/11/12 | $ | 313.54 |
| Ramos Pastor | Vilma | 11/11/10 | 11/11/12 | $ | 173.40 |
| Rosel | Rosa | 11/11/10 | 11/11/12 | $ | 1,061.12 |
| Ruvalcaba | Israel | 11/11/10 | 11/11/12 | $ | 708.03 |
| Sanchez | Esmerelda | 11/11/10 | 11/11/12 | $ | 224.42 |

| Santiago | Rosa | 11/11/10 | 11/11/12 | $ | 181.47 |
|---|---|---|---|---|---|
| Tacam | Marisella | 11/11/10 | 11/11/12 | $ | 867.00 |
| Tamayac | Esteban | 11/11/10 | 11/11/12 | $ | 1,430.06 |
| Tecum | Irineo | 11/11/10 | 11/11/12 | $ | 399.00 |
| Tecum | Francisco | 11/11/10 | 11/11/12 | $ | 936.03 |
| Tiguila | Alex | 11/11/10 | 11/11/12 | $ | 783.58 |
| Tzita | Jacinto | 11/11/10 | 11/11/12 | $ | 709.14 |
| Vasquez | Lucero | 11/11/10 | 11/11/12 | $ | 2,157.00 |
| Vasquez | Filomena | 11/11/10 | 11/11/12 | $ | 89.52 |
| Villasana | Alberta | 11/11/10 | 11/11/12 | $ | 488.33 |
| Zarate | Rosita | 11/11/10 | 11/11/12 | $ | 2,030.28 |
| Zavala | Emilia | 11/11/10 | 11/11/12 | $ | 502.76 |

  
## Exhibit 2

| | Garment Pricing Template | | | |
|---|---|---|---|---|
| **Current State Minimum Wage** | | | | |
| $8.00 | | | | |
| **Garment Type** | | | | |
| Insert Garment Type for whole garments. Add a description if only partial production or finishing to describe the task. | | | | |
| | **Minutes and Seconds 1st Attempt** | **Minutes and Seconds 2nd Attempt** | **Minutes and Seconds 3rd Attempt** | **Average Minutes** |
| Start by having an average skilled worker produce one piece (or portion thereof) from the purchase order timing it with a stopwatch three times. Record the results to your right. If one of the attempts yields an extremely different result then disregard that attempt and make another sample.<br>Finally, in the 4th column to the right add up the minutes and seconds for each attempt and divide by 3 to arrive at the Average Minutes to produce a garment in whole or part as required by the purchase order. | 16.5 | 14.5 | 14 | 15 |
| | | | | **Pieces Per Hour One Worker** |
| Determine how many garments can be produced in one hour by dividing 60 minutes by the average number of minutes to produce a garment. | | | | 4 |
| | | | | **Labor Cost Per Garment Minimum Wage No Taxes or Insurance** |
| Divide the state minimum wage of $8/hr by the number of garments that a worker can produce in one hour to determine the minimum wage labor cost. | | | | $2.00 |

| | | | | |
|---|---|---|---|---|
| | | | | **Labor Cost Plus Taxes and Workers Compensation and Unemployment** |
| Estimated cost of workers compensation insurance, unemployment insurance and employer FICA is 30% | | | | $2.60 |
| | | | | **Pieces Per Day One Worker** |
| Mutiply the pieces per hour for one gament worker by 8 to determine how many pieces one worker can produce in one day. | | | | 32 |
| | | | | **Worker Fatigue** |
| The number of pieces per day per worker will be reduced by 10% to reflect 90% efficiency accounting for worker fatigue. | | | | 28.8 |
| | | | | **The Number of Workers Assigned to Produce this Item** |
| Input the number of workers | | | | 20 |
| | | | | **Pieces Per Shop One Day** |
| Multiply the number of garments produced by one worker per day by the number of workers producing that garment to estimate daily production. | | | | 576 |
| | | | | **Total Pieces Required by Purchase Order** |
| Enter the number of pieces per purchase order | | | | 3000 |
| | | | | **Labor Cost Per Job Minimum Wage** |
| Multiply the total number of pieces required by the Labor Cost Per Garment with taxes and insurance | | | | $7,800.00 |
| | | | | **Number of 8 Hour Days to Finish the Order** |

| | | | | |
|---|---|---|---|---|
| Divide the total number of pieces required by the purchase order by the total pieces your shop can produce in one 8 hour day. | | | | 5.21 |
| | | | | **Number of Days You Have to Produce the Order** |
| If this number is less than the number of 8 hour days you must factor in overtime. See the next row below for OT costs. | | | | 4 |
| | | | | **Number of Garments Subject to Overtime** |
| Subtract the number of days you have to produce the order from the number of 8 hour days you have to produce the order. Next multiply that number or fraction of a day by the number of garment you can produce as a shop in one 8 hour day. | | | | 696.00 |
| | | | | **Labor Cost Per Job Overtime** |
| Mulitply the Labor Cost Plus Taxes, Workers Comp and Unemployment by 1.5. Next multiply this product by the Number of Garments Subject to Overtime to arrive at the total overtime cost. | | | | $2,714.40 |

| | **Monthly Operating Costs** | | | |
|---|---|---|---|---|
| | **Equipment and Supplies** | **Rent or Mortgage** | **Utilities** | **Average Monthly Costs** |
| Add the total operating costs and divide by 30 to arrive at the Average Monthly Costs | $650.00 | $2,500.00 | $300.00 | $115.00 **Operating Cost Per Job** |

**Consent Judgment** (MMS 1300222 )                                    **Page  23 of 28**

| | | | | |
|---|---|---|---|---|
| Multiply the Average Monthly Cost by the number of days you have to produce the order and then divide product by the number of days in the month to compute the operating cost per job. | | | | $460.00 |
| | | | | **Total Actual Cost for Job** |
| The total cost for the job is determined by adding the minimum wage labor cost to the overtime labor cost and adding on the operating cost per job. | | | | **$10,974.40** |

<u>Exhibit 3</u>

Computing minimum wage and overtime on piecework:

**Example 1:**

Employee A produced $200 in piecework and worked 40 hours

$200 / 40 hours = $5.00 per hour

Difference = $7.25 - $5.00 = $2.25 per hour (underpaid)

***$2.25 per hour x 40 hours = $90.00 minimum wage due***

**Example 2:**

Employee B produced $425.00 in piecework and worked 50 hours

$425 / 50 hours = $8.50 per hour

$8.50 per hour x 0.5 (half time) = $4.25 per hour due for OT hours

***$4.25 x 10 hours = $42.50 in overtime premium due***

**Example 3:**

Employee C produced $365.00 in piecework and worked 50 hours

$365 / 50 hours = $7.30 per hour

Difference in Reg. Rate = $8.00 (State minimum wage) - $7.30 = $.70 per hour

$.70 x 50 hours = $35.00 in regular rate due

$8.00 x 0.5 (half time) x 10 hours of OT = $40.00 in overtime premium due

**Total Due: $35.00 in regular rate and $40.00 in overtime premium - $75.00**

Exhibit 4

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to an overtime premium when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **I. Ner**, a garment manu-facturer, from shipping goods sewn for its label on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.

**I. Ner wants to know if you are not being paid in accordance with the law.**   All employees who work in this establishment can help **I. Ner** not to violate the Court's Order.   You can call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 or **I. Ner at (323) 526-3888.** Your name will not be disclosed.

## NOTICIA LEGAL A TODOS LOS EMPLEADOS

La Ley de Normas Razonables de Trabajo determina que se les debe pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen.  A la vez, también estipula que cada empleado que trabaje sobre tiempo, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganen por cada hora de sobre tiempo trabajada.  Todos los empleados, independientemente de que se les pague por hora o por pieza, tienen derecho a que se les pague prima sobre tiempo cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el Departamento Del Trabajo, la corte del Distrito de los Estados Unidos expidió una orden que prohíbe a **I. Ner**, una fábrica de ropa, de enviar la producción de etiquetas a sus distribuidores si en la fabricación de dichos productos no se les pago a los empleados el sueldo mínimo o el sobre tiempo requerido por la **Ley de Norma Razonables de Trabajo**.

**I. Ner** quiere saber si no se les esta pagando adecuadamente a fin de cumplir con la orden de la Corte.  Si usted piensa que no se le pago de acuerdo a lo que la ley indica, por favor llama al Departamento del Trabajo de los Estados Unidos, División de Horas y Salarios al (213) 894-6375 o a **I. Ner** al número **(213) 747-7347**.  Su nombre se mantendrá confidencial.

.

,          40                              1.5

(          )                          .

40                    ,

.

**I. Ner**                          .

**I. Ner**

.

**I. Ner (213) 747-7437**          .

,          ,                    **(213) 894-6375**          .

.